## FIRST NAT. BANK OF MARSHALL v. ALEXANDER et al. (No. 2466.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 3, 1921. Rehearing Denied Jan. 12, 1922.)

1. Garnishment ⬤⟿177 — No judgment against garnishee until judgment against original defendant.

No judgment can be rendered against a garnishee until a judgment which will protect him has been rendered against the original defendant.

2. Partnership ⬤⟿191—Cannot be sued as a legal entity.

A partnership, not being a legal entity, cannot be sued as such, and, in order to support a personal judgment against the members composing a partnership, or to subject partnership property to the payment of a partnership debt, one or more of the partners must be served with legal notice of the suit, under Rev. St. art. 1863.

3. Judgment ⬤⟿502 — Judgment against nonexistent corporation a nullity.

A judgment apparently against a corporation, although valid on its face, is a nullity where no corporation exists.

4. Garnishment ⬤⟿124—Garnishee held entitled to attack judgment against partnership sued as a corporation.

Where a partnership was sued as a corporation, and process was served only on an agent, and not a member, and judgment was had against it as such, a garnishee holding funds of the partnership was entitled to show that the owners of such funds were not parties defendant to the proceeding in which the judgment was rendered; such a defense being no attack on the judgment itself.

5. Judgment ⬤⟿497(2)—Court cannot give itself jurisdiction by improper record where sheriff's return shows insufficient service.

Unless a court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought not to be estopped from proving any fact which goes to establish the proof of a plea alleging want of jurisdiction; and the nullity of a judgment against a partnership was apparent upon the face of the record where the return of the sheriff on citation showed that service was had only upon an agent of the partnership, and not upon the members thereof, notwithstanding a false record of the court regarding service of citation.

Appeal from Harrison County Court; W. H. Strength, Judge.

Action by A. C. Alexander and another against the Rhodes Company and the First National Bank of Marshall, garnishee. From a judgment against it, the garnishee appeals. Reversed and remanded, with instructions.

Hobart Key, of Marshall, for appellant.
A. G. Carter, of Marshall, for appellees.

HODGES, J. This is a garnishment proceeding. The record shows the following facts: In June, 1919, the appellees, A. C. Alexander and August G. Carter, filed a suit in the justice court of Harrison county, Tex., against Rhodes Company, described as a private corporation incorporated under the laws of Colorado. Citation was issued directed to the sheriff of Dallas county, commanding him to summon Rhodes Company, a corporation duly incorporated under the laws of Col-

orado, with F. E. Eastman as its agent in the state of Texas, at Dallas, Tex., to be and appear before the justice of the peace in Harrison county on the 8th day of September, 1919, to answer the complaint of Alexander and Carter, as plaintiffs, against "Rhodes Company, a corporation," as defendant. The suit was described as an indebtedness of $180.49 due for certain expenses incurred in behalf of the defendant, Rhodes Company. The return of the sheriff showed that the citation was served on the 20th of August, 1919, by delivering a copy of the writ to F. E. Eastman, agent and manager of "Rhodes Company, a corporation," at Dallas in Dallas county, Tex. On September 8, 1919, judgment by default was rendered against "Rhodes Company, a corporation," for the amount sued for. The judgment recited that Rhodes Company, although legally and duly served with citation, failed to appear, but made default, and was entered against "Rhodes Company, a corporation."

On September 21, 1920, August G. Carter, one of the plaintiffs in the suit above mentioned, filed an application in the justice court for a writ of garnishment. The affidavit recited the fact that a judgment had been recovered against "Rhodes Company, a corporation"; that he had reason to believe, and did believe, that the First National Bank of Marshall, the appellant in this suit, had in its hands effects belonging to "the defendant." On the same day a writ of garnishment was issued upon that application, reciting that Alexander and Carter had recovered a judgment "against Rhodes Company, a corporation," for the sum of $191.30, with interest and costs of suit; that the judgment was due and unsatisfied, etc. It commanded the officer to summon the First National Bank of Marshall to answer what, if anything, it was indebted to the "said Rhodes Company," and was when the writ was served upon it, and what effects, if any, of "the said Rhodes Company" it had in its possession, and had when the writ was served upon it, etc. The bank answered in due time, denying that it was indebted to Rhodes Company, a corporation, in any amount, or had in its possession any effects belonging to said "Rhodes Company, a corporation." The appellees, Alexander and Carter, filed the following controverting affidavit:

"Now come the plaintiffs A. C. Alexander and August G. Carter, and for answer to the original answer of the garnishee, the First National Bank of Marshall, Tex., say that they have good reason to believe, and do believe, that the answer of the said garnishee is incorrect; said garnishee was indebted to the defendant Rhodes Company at the time of the service of the writ of garnishment for the reason that at said date said garnishee had funds in its possession belonging to Rhodes Company, and that said Rhodes Company was the same Rhodes Company against whom plaintiffs had

procured judgment in this court in cause No. 1384, on 8th day of September, 1919, and that said judgment is valid and subsisting against the said Rhodes Company since such date and at this time, and that, although said company now claims to be a partnership, yet it is the same identical business with which plaintiffs dealt and procured judgment against as a corporation, which is res adjudicata as to its status in so far as this litigation is concerned and valid and binding against the assets of said company, be it a corporation or a partnership in fact.

"That garnishment in this cause is after judgment, and neither garnishee nor defendant can complain of the validity or invalidity of such judgment in this proceeding collateral to the main suit, but such judgment imports absolute verity. Wherefore plaintiffs pray judgment against garnishee."

The evidence showed that on the date the writ of garnishment was served upon the appellant it had received from the Marshall Wholesale Grocery Company the sum of $622.04, which was to be placed to the credit of Rhodes Company; and presumably the writ was sued out for the purpose of reaching that deposit. The evidence established without dispute that the Rhodes Company mentioned in the transaction above referred to was not, and had never been, incorporated, but was a partnership composed of H. D. Crandell and L. L. Melcher, both of whom resided in the state of Colorado. They had a branch business house in Dallas, Tex., under the management of F. E. Eastman, an agent. Upon those facts the trial court rendered a judgment against the appellant bank.

[1-4] It is well settled that no judgment can be rendered against the garnishee until a judgment which will protect him has first been rendered against the original defendant. Sun Mutual Ins. Co. v. Seeligson & Co., 59 Tex. 3; Shoemaker v. Pace et al., 41 S. W. 498.

The question presented is, Will the default judgment rendered in the justice court in 1919 against "Rhodes Company," sued and cited for trial as a corporation, protect the appellant bank against the future demand of Crandell and Melcher for the payment of the sum deposited to their credit by the Marshall Wholesale Grocery Company? We are of the opinion that it would not. That suit was against a corporation by its corporate name, and process was served only upon an agent alleged to be the representative of a corporation. On its face that judgment is valid against such a corporation, if there was one. If none existed, the judgment is a nullity because against a mythical person. A partnership, not being a legal entity, cannot be sued as such. In order to support a personal judgment against the members composing a partnership, or subject partnership property to the payment of a partnership debt, one or more of the partners must be

served with legal notice of the suit. Rev. Civ. Stat. art. 1863. In this instance neither of the partners was served with process. It also appears from the evidence that they were nonresidents, beyond the reach of the trial court, and for that reason the court had no power to render a personal judgment against them either individually, or as a partnership. The original judgment may be valid against the parties sued, the corporation, but it is not binding on Crandell and Melcher, parties who were not sued. It is true that a garnishee cannot, in a proceeding of this character, attack the main judgment for irregularities which render it only voidable, but it did have the right to show that those whose funds it held were not parties defendant to the proceedings in which that judgment was rendered. Such a defense is no attack upon the judgment itself. A failure to make that defense when available would subject the garnishee to a double recovery.

[5] But, even if the proceeding in the justice court could be treated as a judgment against the partnership known as "Rhodes Company," its nullity is apparent upon the face of the record. In Harris v. Hardeman, 14 How. 334, 14 L. Ed. 444, it is said:

"Unless a court has jurisdiction, it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought not, therefore, to be estopped from proving any fact which goes to establish the truth of a plea alleging the want of jurisdiction."

In determining what constitutes the record to be examined in ascertaining the jurisdiction of the trial court, the same opinion quoted from says:

"In reviewing the decision of the circuit court it should be borne in mind, as a rule to guide and control our examination, that the judgment impugned before that court was a judgment by default, and that in all judgments by default, whatever may affect their competency or regularity, every proceeding, indeed, from the writ and indorsements thereon down to the judgment itself, inclusive, is part of the record and is open to examination."

In Galpin v. Page, 85 U. S. (18 Wall.) 350, 21 L. Ed. 959, the court says:

"Whenever, therefore, it appears from the inspection of the record of a court of general jurisdiction that the defendant, against whom a personal judgment or decree is rendered was, at the time of the alleged service, without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree. This is so obvious a principle, and its observance is so essential to the protection of parties without the territorial jurisdiction of a court, that we should not have felt disposed to dwell upon it at any length, had it not been impugned and denied by the circuit court."

The rule could not logically be otherwise, for what the federal Constitution forbids being done no state court has the power to do, and that which is done in violation of the Constitution is as impotent as if done without any color of authority. To say that a state court, after having usurped authority, may protect its usurpation by making a false record regarding the service of its initial process, is to legalize an indirect method of evading the Constitution.

The judgment will therefore be reversed, and the cause remanded, with instructions to discharge the garnishee upon the allowance of a reasonable attorney's fee.