**SOUTHERN PIPELINE CONSTRUCTION CO., INC., Appellant,**

v.

**HUMBLE OIL & REFINING COMPANY et al., Appellees.**

No. 791.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 6, 1973.

Rehearing Denied June 27, 1973.

W. Arthur Combs, Combs & Archer, Houston, Stanford Young, Waynesboro, Miss., for appellant.

Robert M. Perry, Charles Kipple, Saccomanno, Clegg, Martin & Kipple, Houston, for appellees.

TUNKS, Chief Justice.

On November 19, 1971, Robert E. Holberg filed suit in the 80th District Court of Harris County, Texas against Southern Pipeline Construction Co., Inc. (Southern) to recover upon an alleged debt. On that same date Holberg filed application for writ of garnishment before judgment to be served upon Humble Oil & Refining Company (Humble).

Southern is a Mississippi corporation. It was served in this case under the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 2031b by service on the Texas Secretary of State. It did not answer at or before appearance day. On January 25, 1972, the trial court rendered and signed a default judgment in favor of Holberg and against Southern in the amount of $14,675.71.

The garnishment proceeding was docketed separately from the main case and was given an "A" number. On December 21, 1971, Humble filed its garnishee's answer in which it admitted indebtedness to Southern in the amount of $15,900. Holberg, as garnishor, had filed a bond as required by Tex.R.Civ.P. 658a. On January 31, 1972, the trial court rendered and signed what is designated an agreed judgment in the garnishment suit. That judgment was signed by the attorneys for Holberg and Humble as being "approved and agreed."

On February 4, 1972, the tenth day after the judgment in the main case, Southern filed in that case an original motion for new trial. On February 23, 1972, the nineteenth day after the filing of the original motion, Southern filed its amended motion for new trial in the main case. In that amended motion Southern, as defendant, requested "the court to set aside the Judgment heretofore rendered herein on Janu-

ary 25, 1972, and to grant Defendant a new trial." One paragraph recited:

"Defendant has been informed that the default judgment rendered against it in this case has been collected by the Plaintiff and paid by the garnishee Humble Oil and Refining Company, notwithstanding the fact that said judgment has not become final at the time of the filing of Defendant's original and this amended motion for new trial."

None of the language of the motion complains of the judgment in the garnishment case. It did not request that the judgment in the garnishment case be set aside.

A hearing was had on Southern's amended motion for new trial on March 10, 1972. Evidence was received at that hearing and was transcribed by the court reporter. Humble's attorney did not appear at that hearing. It is clear from a reading of the transcript of that testimony, which transcript was filed as a statement of facts in this Court, that Southern's complaint was directed solely at the default judgment rendered against it in the main case. At the conclusion of the hearing the trial judge orally announced his order granting the new trial. He said ". . . I believe the Court at this time will grant this motion for new trial." Again he said ". . . at this time we will grant the motion for new trial."

No written order was signed granting a new trial until August 28, 1972. On that date the trial judge signed an order granting a new trial not only in the main case, but also in the garnishment case. This despite the fact that no motion had been filed asking that the judgment in the garnishment case be set aside and new trial be granted therein and the court had not theretofore, either orally or in writing, rendered any order granting a new trial therein. (The order did not purport to be a nunc pro tunc order. We need not consider its effectiveness in setting aside the judgment in the main case. This is not an attempted appeal in the main case, but rather is such in the garnishment case.)

On September 7, 1972, Humble filed a motion asking the trial court to set aside that portion of its August 28th order which set aside the judgment in the garnishment case. After a hearing on that motion the trial court, on December 5, 1972, rendered an order in the following language:

"It is, therefore, ORDERED, ADJUDGED and DECREED that the Judgment entered in this cause on August 28, 1972, is in all things cancelled and annulled insofar as it purports to set aside Judgment in Garnishment entered in this cause on January 31, 1972, and the Judgment in Garnishment entered January 31, 1972, is held to be valid, effective and subsisting from date of entry."

That is the order from which Southern undertakes to appeal by this proceeding.

The judgment in the garnishment case was erroneously rendered because the plaintiff's judgment in the main case had not become final. However, the error was one which could have been cured by a timely motion for new trial in the garnishment case. Had such a motion been filed and overruled the error in doing so could effectively have been raised by appeal. The record affirmatively shows that Southern knew of the judgment in the garnishment case before it became final. It was not a void judgment. Southern Surety Co. v. Texas Oil Clearing House, 281 S.W. 1045 (Tex.Comm'n App.1926, jdgmt. adopted).

It is quite clear that the trial judge's oral announcement of judgment granting a new trial related only to the judgment in the main case. He announced that he was granting "this motion." The motion being heard bore the style and number of the main case. It identified the judgment to be set aside by giving its date. The trial

court did not either orally or in writing render an order for new trial in the garnishment case within the thirty day period following its rendition. No motion for new trial was filed in the garnishment case within that thirty day period. The judgment became final at the end of the thirty day period and the trial court did not have authority to set it aside by its order of August 28, 1972. It, therefore, properly set aside that void order by its later order of December 5, 1972. Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961); Western Casualty and Surety Co. v. Southard, 465 S.W.2d 238 (Tex.Civ.App.—Amarillo 1971, no writ); Matlock v. Williams, 281 S.W. 2d 229 (Tex.Civ.App.—Beaumont 1955, no writ); Tex.R.Civ.P. 329b.

The judgment of the trial court is affirmed.