Garry Joseph DeGROOT, Appellant,

v.

Robert Charles HALL, Appellee.

No. 5441.

Court of Civil Appeals of Texas, Waco.

July 31, 1975.

Rehearing Denied Sept. 4, 1975.

John R. Duren, B. C. Jones, Copperas Cove, for appellant.

Mark S. Knapp, Copperas Cove, C. Stephen Allen, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This case is before us on Writ of Error to a "Decree of Termination" rendered by default September 9, 1974, whereby the parent-child relationship between Garry Joseph DeGroot and his two children Garry Nicholas and Erick Michael was terminated.

On July 15, 1974 Robert Hall, husband of the children's mother, filed petition to terminate the parental rights between Garry Joseph DeGroot and his two children Garry Nicholas and Erick Michael. The petition alleged there was no court ordered relationships affecting the children, and that the father had failed to support the children for one year (ending within six months of filing of petition).

DeGroot was served in New Jersey on July 26, 1974 (thus being required to answer by August 19, 1974). He filed no answer by August 19, 1974, and the trial court heard the matter and rendered Decree of Termination on *September 9, 1974.*

Evidence adduced at the hearing reflects: Robert Hall is husband of the children's mother; is in the army; the children live in Hall's home; that father of the children has not supported them for one year ending within six months of the filing of petition; that 45 days had elapsed since service on DeGroot.

Thereafter on September 27, 1974 DeGroot tardily filed answer alleging the Superior Court of New Jersey, Chancery Division, Bergen County created a conservator-relationship between him and his children which still subsists; that he has not failed to support the children; and prayed the parent-child relationship between him and his sons be not terminated.

In September 30, 1974 DeGroot filed "Motion to Vacate" the September 9, 1974 Decree of Termination, alleging he had a valid defense as shown by his tardily filed answer. The trial court overruled the motion to vacate, but permitted movant to adduce evidence by Bill of Exception. Such reflects: Linda Anne Hall married DeGroot in New Jersey in 1966; divorced DeGroot in New Jersey in July 1973; was given custody of the two children ages 6 and 3; that DeGroot was given certain visitation rights and required DeGroot to pay child support, but she had not received any in more than a year; that she married Hall in August 1973; that she moved to Texas with Hall who is in the army; that she denied DeGroot's request that the children visit him for one month as provided by the New Jersey court order; that she received an order from New Jersey Court in May 1974, enjoining her from filing petition in any court seeking to change the parent-child relationship of the children; that she had not filed any such petition; that the court in New Jersey did not instruct her not to move the children from New Jersey without the court's permission; that DeGroot agreed to an adoption of the children by her

husband but changed his mind; that the New Jersey Probation Department wrote her DeGroot wanted to know when the adoption was to take place so he would be relieved of support payments (which he was not making).

Petitioner invokes our appellate jurisdiction by writ of error to the September 9, 1974 judgment and contends:

1. The trial court erred in failing to exercise its discretion to hear his motion to vacate.

2. The trial court failed to consider that another court has continuing jurisdiction over the parties.

3. The trial court failed to consider that Hall perpetrated a fraud upon the court through obscuration of DeGroot's meritorious defense.

4. The trial court failed to consider (DeGroot) was free of fault in suffering a default judgment.

On writ of error, any error in the judgment must be disclosed by the papers on file. *Collins v. Collins*, Tex.Civ.App., NRE, 464 S.W.2d 910; *Mullen v. Roberts*, Tex., 423 S.W.2d 576; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706.

Section 15.02 of the Family Code provides "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that (1) the parent has: * * *. E. Failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of the petition * *."

Considering the record which is before us the evidence is ample to sustain a finding that DeGroot failed to support the children for one year ending within six months of the date of filing of the petition. Even though the trial court overruled the motion to vacate, it permitted movant to adduce evidence by Bill of Exception. Assuming without deciding that we may consider the evidence in The Bill adduced on the motion we cannot say the trial court abused its discretion in overruling the motion. Mrs. Hall testified the New Jersey court gave her custody, required DeGroot to pay child support, and provided for visitation by DeGroot with the children. But neither the judgment itself or the Statutes of New Jersey were introduced into evidence, which was DeGroot's burden. From the record before us, the trial court was not required to find that New Jersey had continuing jurisdiction of Mrs. Hall and her children. In fact petitioner (DeGroot) in his brief says New Jersey's continuing jurisdiction is based in part on its Statute, which is not in the Bill of Exception, and photocopy of the New Jersey decree which DeGroot relies on (and which is not in the Bill of Exception but is attached to petitioner's brief) reflects it was not the original order entered at the divorce of the parties.

Petitioner's point and contentions are overruled.

Affirmed.