GLENN W. CASEY CONSTRUCTION, INC., Appellant,

v.

CITIZEN'S NATIONAL BANK, Appellee.

No. 1418.

Court of Civil Appeals of Texas, Tyler.

Dec. 30, 1980.

David Claflin, Austin, for appellant.

Thomas E. Tiemann, Austin, for appellee.

SUMMERS, Chief Justice.

This is an appeal by way of Writ of Error from judgments rendered by the trial court in a garnishment action.

Glenn W. Casey Construction, Inc., appellant (Casey), was allegedly indebted to Eagle Concrete Company (Eagle) by reason of retainage funds which it held for Eagle's benefit. Citizen's National Bank, appellee (the Bank), held a security interest securing a $12,000 debt in all accounts receivable, contract rights, chattel paper, instruments, general intangibles and rights to payment arising out of Eagle's business. On April 24, 1979, the Bank filed an action against Eagle in the 261st Judicial District Court of Travis County, Cause No. 289,133 to recover on the $12,000 debt. On the same day, the Bank filed a garnishment action against Casey in the same court, Cause No. 289,134, to garnish the retainage funds allegedly owed to Eagle in order to satisfy the same debt. A prejudgment writ of garnishment was issued and served upon Casey. The construction company did not answer nor did it participate in the garnishment action.

Thereafter, on May 22, 1979, a default judgment in the amount of $12,000 was rendered in favor of the Bank against Casey in the garnishment action. This judgment by default was rendered prior to a judgment in the suit on the underlying debt (Cause No. 289,133). No motion for new trial was filed and Casey accordingly argues that this default judgment became final after 30 days, i. e., on June 21, 1979.

Subsequent thereto, on July 18, 1979, the Bank obtained a judgment against Eagle on the underlying debt. That day the court also signed two orders in the garnishment action. The first of these was an "Order Setting Aside Void Judgment" which attempted, more than 30 days after the judgment was rendered, to set aside the default judgment of May 22, 1979, as it was rendered prior to judgment upon the underlying debt. The court then rendered a second default judgment against Casey which was identical to the first in all respects but included an additional recitation that judgment on the underlying debt had been rendered in favor of the Bank. Casey filed a Motion for New Trial relative to the second default judgment of July 18, 1979, which was overruled on either September 10 or September 19, 1979.[1] On October 5, 1979, Casey filed a "supplemental" Motion for New Trial which was denied on that day. Casey also filed a cost bond on October 5 to appeal the judgment. However, when it attempted to file the transcript, Casey was informed by the Clerk of the Austin Court of Civil Appeals (from which this case was transferred) that the cost bond was not timely filed and thus the transcript could not be accepted. Following the Clerk's notification, on November 20, 1979, and within 6 months of both the May 22 and July 18, 1979 default judgments, Casey filed its Writ of Error, from which this opinion issues.

Casey predicates its appeal upon three points of error which will be grouped together for the ease of discussion. By its first point of error, Casey contends that this

---

1. There are actually three orders in the transcript of this cause overruling Casey's Motion for New Trial, one overruling the motion on September 10 and two overruling it on September 19.

court must set aside the default judgment rendered against it on May 22 since it affirmatively appears from the face of the record that such judgment was rendered prior to the judgment on the underlying debt in violation of Rule 667.[2] Secondly, appellant asserts that the order of July 18 setting aside the May 22 default judgment must be set aside in that it affirmatively appears from the face of the record that the trial court had lost jurisdiction over the garnishment action and such order was issued without notice to appellant. Finally, appellant argues that the trial court erred in rendering the default judgment of July 18 because it had lost jurisdiction of the case, it was rendered without notice to Casey and was rendered before the judgment on the underlying debt had become final.

We reverse and remand.

The appellee Bank has responded to Casey's first point of error only, admitting both in its brief and at oral argument that the trial court lost jurisdiction over the garnishment action after June 21. The Bank interposes the proposition that the May 22 default judgment cannot be set aside by Writ of Error because it appears from the face of the record that the trial court had the jurisdictional power to render it, and likewise the exclusive method of vacating that judgment is by Bill of Review. The Bank also contends that the judgment cannot be set aside by Writ of Error because no violation of Rule 667 appears on the face of the record of the cause.[3]

Before discussing Casey's points of error, we must first address the Bank's assertion that the exclusive method of vacating the May 22 judgment is by Bill of Review. In support thereof, appellee cites Rule 329b(5) which provides:

5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty (30) days from the date of the rendition of judgment.

■ We note initially that a Writ of Error is but another mode of appeal whereby the appellant, or more properly, the plaintiff in error, is entitled to a full review to the same extent as on a direct appeal. *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex. 1976); *Riley v. Mead*, 531 S.W.2d 670, 671 (Tex.Civ.App.-El Paso 1975, no writ).

■ In order to prosecute a Writ of Error, three prerequisites must be met. The writ must be filed within six months of the judgment appealed from, the error in the judgment must appear affirmatively "on the face of the record" and the plaintiff in error cannot have participated either in person or by his attorney in the actual trial of the case in the trial court. Tex.Rev.Civ. Stat.Ann. art. 2255 (Vernon 1919) and art. 2249a (Vernon 1939); *See also*, State Bar of Texas Professional Development Program, Appellate Procedure In Texas 174, 175 (2d ed. 1979); *Lewis v. Beaver d/b/a Mid-State Industries*, 588 S.W.2d 685, 686 (Tex.Civ. App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). We hold, for reasons which follow,

---

**2.** All references to Rules are to Tex.R.Civ.P.

**3.** Neither party has sought to attack the validity of the judgment on the underlying debt in the Bank's favor against Eagle entered July 18. We must assume without deciding that such is a proper judgment.

that Casey's suit properly meets the requirements of a Writ of Error.

The Bank, in support of its claim that the judgment can only be remedied by a Bill of Review in the trial court cites *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961). It contends that *McEwen* requires the party against whom a default judgment has been rendered to show that he had a meritorious defense and did not negligently suffer the default judgment to be rendered against him. We agree that such is true if that party is proceeding by a Bill of Review. However, a closer analysis of the *McEwen* case discloses the specious nature of the Bank's argument when applied to a Writ of Error proceeding. In that case, the petitioner attempted to collaterally attack a default judgment for want of service of citation by a motion to vacate. The court held:

> Accordingly, we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired *and relief may not be obtained by appeal,* a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. *Id.,* at 710. (Emphasis supplied.)

It is clear from other language in *McEwen* that the word "appeal" used in the quoted paragraph includes appeal by Writ of Error. *Griffin v. Browne,* 482 S.W.2d 716, 718 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). Later, in *McEwen,* the court stated that:

> We hold that appeal by writ of error or a bill of review to set aside the judgment are the exclusive methods by which Texaco may have the default judgment vacated or set aside .... Our judgment is without prejudice to the right of Texaco, Inc. to file an appeal by writ of error or to file a bill of review to set aside the default judgment. *Id.,* at 711.

In *Pace Sports, Inc. v. Davis Brothers Publishing Co.,* 514 S.W.2d 247 (Tex.1974), the supreme court clearly refuted the Bank's assertions when it said:

Our action is not to be interpreted as approving that portion of the opinion of the Court of Civil Appeals stating that the parties appealing by way of writ of error to the Court of Civil Appeals under Article 2255, V.A.C.S., must show that they were not negligent in suffering default judgment to be rendered against them or that they have a meritorious defense to the plaintiff's action which they were prevented from making by fraud, accident or wrongful act of the opposite party. This Court, in *McEven [sic] v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961), held that a party appealing to the Court of Civil Appeals by writ of error within six months of final judgment may obtain relief if the invalidity of the judgment is disclosed by the papers on file in the case. Requirements pertaining to relief sought by bill of review are not applicable to applicants for writ of error under Article 2255, V.A.C.S.

The Bank also contends that when the trial court had the jurisdictional power to render a judgment (as it did when it granted the first default judgment) a Court of Civil Appeals may not set that judgment aside by Writ of Error, the defendant's sole remedy being a Bill of Review. While a Writ of Error proceeding is proper when the record reflects that a party has suffered a default judgment to be entered against him and it affirmatively appears that he was not properly served with citation (the trial court thus having never attained *in personam* jurisdiction), *see, Whitney v. L & L Realty,* 500 S.W.2d 94 (Tex.1973), the fact that the trial court has obtained jurisdiction over the cause does not preclude review by Writ of Error. *Smith v. Smith,* supra; *De-Groot v. Hall,* 526 S.W.2d 696 (Tex.Civ. App.-Waco 1975, writ ref'd n.r.e.).

■■■ Furthermore, the provisions of Rule 329b(5) are to be applied only when a party endeavors to set aside a judgment in the *trial court.* It is a rule governing trial and not appellate procedure. *Roberts v. Mullen,* 417 S.W.2d 75, 76 (Tex.Civ.App.-Dallas 1967), *aff'd* 423 S.W.2d 576. We are also aware of the language in *Southern*

*Pipeline Construction Co. v. Humble Oil & Refining Co.*, 496 S.W.2d 248, 249 (Tex.Civ. App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.) requiring the filing of a Motion for New Trial in the trial court as a predicate to attacking a faulty default judgment. The factor which distinguishes the instant case from *Southern Pipeline* is that there the cause was before the Court of Civil Appeals upon an *appeal* rather than by a Writ of Error and no Motion for New Trial had been filed in the court below. At that time, a Motion for New Trial, stating the grounds upon which points of error were based, was a prerequisite to appeal. This is no longer true under current rules of practice. *See*, present Rule 324 as amended in 1978 and the Rule as stated prior thereto; *Griffin, supra* at 718.

■ Appellee also contends that the error complained of its not apparent on the face of the record. It is clear that the invalidity of the judgment must be disclosed by papers on file in the case. This being a Writ of Error, the *whole* case is presented for revision of errors properly assigned to the same extent as on a direct appeal. *Riley, supra* at 671; *DeGroot, supra* at 698. In support of its contention, appellee argues that only by comparing the default judgment in the garnishment case to the judgment in the case on the underlying debt, a separately docketed and numbered cause not before this court, is a defect apparent. In the record there is a full transcript of the proceedings below which contains the default judgment of May 22, the order of July 18 setting aside that judgment and the second default judgment of July 18. The July 18 order setting aside the default judgment of May 22 specifically states that the May judgment was rendered prior to a judgment on the underlying debt. Thus, if it was error to enter a default judgment against Casey in the garnishment action prior to liquidation of the debt by judgment in Cause No. 289,133, such error appears on the face of the record.

4. All statutory references are to Tex.Rev.Civ. Stat.Ann. (Vernon).

We must therefore turn to the Rules of Procedure to determine the propriety of the court's judgment of May 22. Rule 667 deals specifically with the procedure available for obtaining a default judgment against a garnishee. It provides:

If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court, *at any time after judgment shall have been rendered against the defendant,* and on or after appearance day, to render judgment by default, as in other civil cases, against such garnishee for the full amount of such judgment against the defendant together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. The answer of the garnishee may be filed as in any other civil case at any time before such default judgment is rendered. (Emphasis supplied.)

It is the emphasized portion of the rule which controls the disposition of this case. Rule 667 was derived from Article 4087[4] which contained language identical to that hereinabove accentuated portion of the rule.

■ In deciding this case, we heed the admonitions of prior courts relative to garnishment actions. The remedy of garnishment is summary and harsh and it follows that such proceedings cannot be sustained unless they are in strict conformity with statutory requirements. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039 (1937); *Tom Benson Chevrolet Co., Inc. v. Beall*, 567 S.W.2d 857, 859 (Tex.Civ.App.-San Antonio 1978, writ ref'd, n.r.e.).

Cases are legion in this jurisdiction which follow the clear mandate of the Rule and its predecessor statute that a judgment by default may not be rendered against a garnishee until a judgment upon the underlying debt, upon which the garnishment action is predicated, has first been obtained and become final. In *First National Bank of Marshall v. Alexander*, 236 S.W. 229, 230 (Tex.Civ.App.-Texarkana 1922, no writ), the court noted that "[i]t is well settled that no

judgment can be rendered against the garnishee until a judgment which protects him has first been rendered against the original defendant." This holding was followed by the Eastland Court of Civil Appeals in *Pittsburg Plate Glass Co. v. Beck*, 298 S.W. 915, 917 (Tex.Civ.App.-Eastland 1927, writ dism'd). Although not a case dealing with default judgments, it was there contended that the trial court committed error in proceeding to trial in the garnishment suit prior to judgment in the main suit. The court stated that "[t]his was, of course, an erroneous procedure. No judgment can be entered against the garnishee until there is judgment for the plaintiff in the main suit." *See also, Consolidated Gasoline Co. v. Jarecki*, 72 S.W.2d 351 (Tex.Civ.App.-Eastland 1934) to the same effect which was affirmed by our Supreme Court 129 Tex. 644, 105 S.W.2d 663 (1937); *Alamo Paint & Wall Paper Co. v. Kampmann*, 105 S.W.2d 492 (Tex.Civ.App.-San Antonio 1937, no writ); Lowe, *Remedies, Injunctions & Other Extraordinary Proceedings*, in 6 Texas Practice § 921, at 603 (2d ed. 1973).

■ Not only is it error to render judgment in an ancillary garnishment action prior to obtaining a judgment in the main suit, such a judgment may not be rendered before the judgment in the main case has become final. *Southern Pipeline*, supra at 249. In *Houston Drywall, Inc. v. Construction Systems*, 541 S.W.2d 220, 222 (Tex.Civ. App.-Houston [1st Dist.] 1976, no writ), it is stated that:

> An uncertain demand, although liquidated and fixed by the terms of the judgment, is not subject to garnishment until the judgment becomes final in the sense that it can neither be set aside nor reversed upon appeal. *Alexander v. Berkman*, 3 S.W.2d 864, 868 (Tex.Civ.App.-Waco 1927, writ ref'd); *Waples-Platter Grocer Co. v. Texas & Pacific Ry. Co.*, 95 Tex. 486, 68 S.W. 265, 266 (1902).

■ Having examined authorities relative to the default judgment entered on May 22, we must conclude that it was error to render such judgment and it must be set aside. We must therefore next turn to the trial court's action in setting aside that judgment on July 18.

We appreciate the trial court's dilemma when its attention was brought to the fact that the garnishment judgment was invalid. Its order setting aside that judgment however was entered 57 days after that judgment in violation of Rule 329b(5). That Rule, above set out in full, limits a trial court's jurisdiction over a case to 30 days following rendition of the judgment. After 30 days, the judgment may not be set aside by the trial court except by Bill of Review. None of Casey's pleadings filed in the trial court can be construed as a Bill of Review.

■ One exception to this rule exists. If a judgment rendered by a trial court is void, it may be set aside by that court at any time. *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433 (Tex.1959). We must therefore determine whether the May 22 default judgment was void or merely voidable or invalid.

In A. C. Freeman, Law of Judgments § 135 (1873), it is generally noted that "[j]urisdiction being obtained over the person and over the subject matter, no error in its exercise can make the judgment void." The Freeman case, *supra* at 433 contains a lengthy discussion relating to void or voidable judgments. The supreme court there held that:

> Generally speaking, a judgment rendered by a legally constituted and organized court having jurisdiction over the subject matter of and the parties to a suit will be held valid, *Clayton v. Hurt*, 88 Tex. 595, 32 S.W. 876, 877; *Martin v. Sheppard*, 145 Tex. 639, 201 S.W.2d 810, 812, unless the particular judgment is one which the court had no power to render. *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272; *Cline v. Niblo*, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; *State Board of Insurance v. Betts*, Tex., 315 S.W.2d 279. Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authori-

ty. *State v. Ferguson,* supra; *Cline v. Niblo,* supra; *State Board of Insurance v. Betts,* supra. *They are not void when rendered in violation of statutory provision which is merely directory, Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66; 25 Tex.Jur. 735–736, Judgments, § 276, *or for purely procedural irregularity.* 25 Tex.Jur. 809–812, Judgments § 308. (Emphasis supplied.)

In *Southern Surety Co. v. Texas Oil Clearing House,* 281 S.W. 1045 (1926) a contention was made and overruled that execution on a default judgment in a garnishment action should have been enjoined as void since the judgment on which it was predicated was void. With reference to the default judgment, the Court stated that since it appeared to be regular on its face, rendered by a court of competent jurisdiction, with the jurisdictional facts appearing on the face of the judgment, it could not be said that the judgment was void. In that event, the Court held that the garnishee was relegated to its legal remedies to set aside default judgment, entered prior to a judgment on the underlying debt, either by Bill of Review, appeal or Writ of Error. *Id.,* at 1047. Likewise, the court in *Southern Pipeline, supra* at 249 specifically held that the judgment in a garnishment case was erroneously rendered because the judgment in the main case had not become final. It was not a void judgment.

At this juncture, the *McEwen* case is particularly relevant. There, the supreme court held that after the expiration of 30 days after entry of a judgment, a court is without jurisdiction to set a voidable default judgment aside by a motion to vacate. The aggrieved party's remedy is by way of Bill of Review, appeal or Writ of Error. After 30 days have elapsed since the rendition of a voidable default judgment, a trial court's order seeking to set aside that judgment is void since made outside the jurisdictional purview of that court. Such void order must be set aside.

Thus, it follows that the May default judgment, although erroneous and rendered in violation of Rule 667, is not a void judgment. Consequently, it could not be set aside after the expiration of 30 days under Rule 329b(5) and may only be vacated by Bill of Review, appeal or Writ of Error. This, plaintiff in error has properly attempted to do. It then follows that the May 22 default judgment must be set aside as being violative of Rule 667, and the order seeking to vacate said judgment as well as the subsequent default judgment of July 18 must both be set aside since rendered after the court lost jurisdiction over the cause.

Accordingly, the judgments of the trial court are reversed and the cause remanded.