**W.W. TAYLOR and Southwest Mortgage
Service Corp., Relators,**

v.

**TRANS–CONTINENTAL PROPERTIES,
LTD., Pine Hill Lake & Golf Club, Inc.,
Pine Hill Inn, Inc., and Pine Hill Lake
& Golf Corp., Respondents.**

No. 12–84–0049–CV.

Court of Appeals of Texas,
Tyler.

May 10, 1984.

**418**

William P. Headlee, Dallas, for relators.

Daniel Dean, Palestine, for respondents.

COLLEY, Justice.

This original proceeding was instituted on March 21, 1984, by W.W. Taylor and Southwest Mortgage Service Corp., Relators, seeking what was termed by them as an "Emergency Stay of Execution...." against the enforcement of a money judgment rendered on February 23, 1984, on an unliquidated claim following a bench trial in the 87th Judicial District Court of Anderson County against Relators and in favor of Trans-Continental Properties, Ltd., Pine Hill Lake & Golf Club, Inc., Pine Hill Inn, Inc., and Pine Hill Lake & Golf Corp., hereinafter Respondents, in Cause No. 6084 on the docket of said court by presiding judge, Sam B. Bournias. This court granted temporary relief by ordering the issuance of a writ of prohibition enjoining the Honorable Sam B. Bournias or any other judge sitting in the 87th Judicial District Court from proceeding to judgment in two ancillary garnishment proceedings pending further hearing of the matter in this court; and, by the same order, we scheduled a hearing in the cause at 2:00 p.m. on April 12, 1984. The parties to this proceeding were instructed to file appropriate exhibits and briefs in support of their respective positions. We shall briefly state the pertinent facts as shown by the record before us.

On the 12th day of January, 1984, Cause No. 6084 was called for trial before the court. Respondents appeared; Relators did not. The court proceeded to trial in the absence of Relators, and on January 19, 1984, signed a money judgment in favor of Respondents in the aggregate sum of $2,170,644.71. On the same day, in the same court, but before a different judge, viz., Honorable Melvin D. Whitaker, Respondents filed applications for, and procured two writs of garnishment based on said judgment. The writs were issued in Cause Nos. 6156A and 6157 on the docket of said court and ran against First City Bank of Farmers Branch and Republic National Bank of Dallas, respectively. It is undisputed that the writs served on the banks impounded substantial sums of mon-

ey belonging to Relators. At a hearing conducted on Relators' motion for new trial in Cause No. 6084, on January 31, 1984, Judge Bournias granted a new trial of the cause after Relators paid Respondents' counsel the sum of $3,500 representing Respondents' expenses incurred in the first trial, and apparently proceeded immediately to retry the cause. On the second day of the trial, February 1, 1984, Judge Bournias signed a written order granting the new trial. Upon retrial before the court, judgment was again rendered for Respondents against Relators for money damages and attorneys' fees in the aggregate amount of $607,000 and costs. This judgment was signed on February 3, 1984, and filed with the clerk of the court at 4:55 p.m. on that date. On the same day at 5:25 p.m., in the same court but again before a different judge, viz., Melvin D. Whitaker, Respondents filed an application for, and were granted writs of garnishment after judgment in Cause Nos. 6161 and 6162 on the docket of said court running against the same two garnishee banks as named in the earlier writs issued under the first judgment above noted. On February 23, 1984, Relators' motion for new trial in Cause No. 6084 was overruled. On March 21, 1984, Relators filed a cost bond on appeal with the Anderson County District Clerk in said cause No. 6084. Thus, our appellate jurisdiction attached to trial Cause No. 6084.

The trial judge on Respondents' request set a trial date for the garnishment proceedings in Cause Nos. 6161 and 6162.

The question before us, treating the Relators' motion as an application for writ of prohibition, is, does the threatened action of the trial judge to proceed to judgment in the garnishment proceedings ancillary to Cause No. 6084 interfere with our appellate jurisdiction in the case before us? We are of the opinion that it does.

■ It is a well-established and long-standing rule that the validity of a judgment in a garnishment action rests upon the finality of the underlying debt judgment. If the underlying judgment has not reached that stage of the judicial process

wherein it is not subject to being set aside by the trial or appellate court, then the judgment in the ancillary garnishment action cannot stand. It is invalid. *Horst v. City of London Fire Ins. Co.*, 73 Tex. 67, 11 S.W. 148 (1889); *Haley v. Young*, 541 S.W.2d 217 (Tex.Civ.App.—Houston 1976 writ ref'd n.r.e.). "Suits in garnishment are ancillary to and a part of the original suit, and cannot be separated therefrom .... A garnishment is not an original suit, but ancillary to the main one, and for that reason takes its jurisdiction from the main suit." *King & King v. Porter*, 113 Tex. 198, 252 S.W. 1022 (1923).

■ It follows that if a trial court has lost its jurisdiction in the main suit by reason of an appeal, the trial court has necessarily lost jurisdiction to render a judgment in the ancillary garnishment proceedings pending the appeal of the judgment in the main suit. If the judgment in the main suit is affirmed on appeal, the trial court regains its jurisdiction over the garnishment action. If the main suit judgment is reversed on appeal, the garnishment proceedings fall, i.e., become a nullity and the writs issued thereunder are functus officio. Therefore, because the garnishment proceedings stand or fall based on our disposition of the appeal of the debt judgment, any action by the trial judge to proceed to judgment in the ancillary garnishment proceedings necessarily interferes with our appellate jurisdiction. In effect, the trial judge indulges an unwarranted presumption, namely, that the debt judgment will be affirmed on appeal. Conversely, any decision we render on review of the debt judgment necessarily controls the validity of the garnishment proceedings. Under such circumstances we conclude that we have jurisdiction under art. 1823, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), to grant the writ of prohibition in this case and that our jurisdiction has been properly invoked. *Staples v. State*, 112 Tex. 61, 245 S.W. 639 (1922).

■ Respondents argue that Rule 657, Tex.R.Civ.P., authorizes the trial court to proceed to judgment in the ancillary gar-

nishment proceedings even though the underlying debt judgment is on appeal before this court. No authorities are cited by Respondents in support of such contention, and our research reveals none. A careful reading of that rule reveals that it applies only to the issuance, service and return of writs of garnishment under art. 4076, Tex. Rev.Civ.Stat.Ann. (Vernon 1966). Rule 657 was first adopted in 1941. The language of the present rule is identical with that of 1941 except that the phrase "... the date of its rendition...." was changed, effective January 1, 1981, to read, "... the date it is signed...." The substance of the rule was unchanged by the 1981 amendment. The adoption of the rule did effect a change in the law. Before its adoption the phrase "... valid, subsisting judgment...." found in Subdivision 3 of art. 4076 had been consistently construed by the courts to mean a judgment which was not subject to being set aside on a motion for new trial, or being reversed on appeal or on writ of error. *Scheuing v. Challis*, 104 S.W.2d 581, 582 (Tex.Civ.App.—San Antonio 1937, writ ref'd); *Waples-Platter Grocer Co. v. Railroad*, 95 Tex. 486, 68 S.W. 265, 266 (1902); *Alexander v. Berkman*, 3 S.W.2d 864 (Tex.Civ.App.—Waco 1927, writ ref'd). Hence, a writ of garnishment issued at a time when the judgment in the main suit had not reached that stage in the judicial process where it could not be set aside by the trial court or reversed on appeal or on writ of error was ineffective and the issuance, service and return of the writ did not impound any monies or effects in the hands of the garnishee. *New Amsterdam Casualty Co. v. Keith*, 273 S.W. 836 (Tex. Comm'n App.1925, judg. adopted). The promulgation of Rule 657 in 1941 upset such rule by authorizing the *issuance* of the writ under Subdivision 3 of art. 4076 on the date of the signing or "rendition" of the debt judgment where a supersedeas bond was not filed by the judgment debtor. Rule 657 does not authorize the entry of a judgment in an ancillary garnishment proceeding before the judgment in the underlying debt suit becomes final in the sense that such judgment is not subject to being set aside by the trial court or being reversed or modified following review thereof in the appellate courts. The rule serves a good purpose; the judgment creditor may on a cause of action for unliquidated damages, such as it exists in our case, reduce the claim to judgment, procure the immediate issuance of a writ or writs of garnishment on an ex parte hearing with proper proof and thus impound funds owed to the judgment debtor by third persons for payment on the debt judgment when it becomes final. Under the case law before the adoption of the rule, such was not possible because the writs of garnishment could not be issued until the debt judgment became final for all purposes.

■ So in our case, if the trial court's judgment in Cause No. 6084 now on appeal, in our court, is finally affirmed on appeal, Respondents have a first priority claim to the funds impounded by their writs of garnishment served on the two banks and may proceed to judgment in such proceedings; however, if the trial court's judgment is reversed on appeal, the garnishment proceedings fail, and the writs become functus officio.

■ Based on the record before us, we have determined to exercise our judicial discretion in favor of granting the writ as prayed for; therefore, it is hereby ordered and decreed by the court that the Honorable Sam B. Bournias, Presiding Judge of the 87th District Court of Anderson County, Texas, and any other judge sitting in said court, or in any other district court in Anderson County, be and each is hereby enjoined from proceeding to judgment or signing any judgment in Cause Nos. 6161 and 6162 on the docket of the 87th Judicial District Court styled *Trans-Continental Properties, Ltd., et al. v. Republic National Bank of Dallas* and *Trans-Continental Properties, Ltd., et al. v. First City Bank of Farmers Branch*, respectively, pending the appeal and our final disposition of Cause No. 6084, styled *Trans-Continental Properties, Ltd., et al. v. W.W. Taylor, et al.;* and the clerk of this court shall forthwith issue the writ of prohibition in accord-

ance with this opinion and cause the same, together with a true copy of this opinion, to be delivered through the U.S. Postal Service, Certified Mail, to the Honorable Sam B. Bournias, Presiding Judge of the 87th Judicial District Court of Anderson County, Texas; the clerk is also directed to deliver copies of the writ and this opinion to all attorneys of record in the case, as well as the District Clerk of Anderson County, Texas (two copies), via. the United States Postal Service with instructions to the District Clerk to file the same in the trial court's file in Cause Nos. 6161 and 6162.