Joseph Fred **BACA** and Pamela Baca, Appellants,

v.

**HOOVER, BAX, & SHEARER,** Appellee.

No. A14–90–00466–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1992.

Rehearing Denied Feb. 6, 1992.

Michael Louis Minns, Wolf D. Schroeter, Scott L. Franck, Houston, for appellants.

Hal G. Wolff, Larry Huelbig, Houston, for appellee.

Before MURPHY, SEARS and CANNON, JJ.

MAJORITY OPINION ON REHEARING

CANNON, Justice.

This appeal arises from a suit for attorney's fees. The Bacas bring four points of error. We reverse and render.

On January 5, 1988, the law firm of Hoover, Bax, and Shearer (HBS) filed suit against Joseph and Pamela Baca to recover attorney's fees for legal services allegedly rendered on behalf of the Bacas. HBS sought recovery under theories of sworn account and quantum meruit.

At the same time, HBS initiated a garnishment action against Texas Commerce Bank–Westlake Park and Baca Landata, Inc. That proceeding was docketed separately from the suit for attorney's fees and given a different cause number. On January 6, 1988, the trial court granted HBS's prejudgment applications for writs of garnishment and writ of attachment. On that same date, a writ of garnishment was served upon Texas Commerce Bank National Association (Texas Commerce), the successor by merger to Texas Commerce Bank–Westlake Park. On February 1, 1988, Texas Commerce answered and admitted it was indebted to the Bacas in the sum of $32,582.22. That sum represented the balance in two checking accounts owned by the Bacas. A writ of garnishment was also served on Baca Landata, Inc., but it did not timely answer. Baca Landata, however, was not indebted to the Bacas and was eventually dismissed from the garnishment proceeding by agreement. The writ of attachment was also executed on certain property owned by the Bacas.

On February 17, 1988, the trial court granted HBS's motion for summary judgment in the underlying suit for attorney's fees. On April 18, 1988, the Bacas perfect-

ed an appeal from that summary judgment. On April 21, 1988, HBS and Texas Commerce entered into an agreed final judgment in the garnishment proceeding. That judgment ordered HBS to recover $32,332.22 from Texas Commerce. It also allowed Texas Commerce to recover $250.00 in attorney's fees from the Bacas. On April 26, 1988, HBS received from Texas Commerce a check in the amount of $32,332.22 that was credited to the February 17 summary judgment in the underlying action.

On March 9, 1989, this Court, in an unpublished opinion reversed the summary judgment. The Court held that recovery by HBS on a theory of sworn account was improper where the petition named the Bacas as defendants, but the attached invoices named only Baca Publications, Inc. The Court also held that the trial court misplaced the burden of proof in overruling the Bacas' motion to dissolve the writ of attachment and remanded to the trial court for redetermination of that motion. On remand, Pamela Baca moved for partial summary judgment. That motion was granted on June 6, 1989. On February 26, 1990, the Bacas filed in the underlying action a combined motion for restitution, dissolution of writ of attachment, and dissolution of writ of garnishment (motion for restitution). The motion for restitution sets out all the facts necessary to support a cause of action for restitution. On March 2, 1990, HBS moved to dismiss the underlying action pursuant to Tex.R.Civ.P. 162. On that same date, the trial court granted HBS's motion and entered an order discharging the writ of attachment. After a hearing on March 28, 1990, the trial court denied the Bacas' motion for restitution. The Bacas appeal from that order.

In their first point of error, the Bacas contend the trial court erred in denying their motion for restitution.

Before we address this point, we must direct our attention to HBS's contention that the trial court did not have jurisdiction to hear the Bacas' motion because it granted a nonsuit to HBS. The nonsuit was granted after the Bacas filed their motion

for restitution. In the absence of the nonsuit, the order denying the Bacas' motion for restitution purports to dispose of all issues and all parties since it states that "any relief not granted is hereby denied." *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984).

Tex.R.Civ.P. 162 provides that a plaintiff has an absolute right to take a nonsuit before resting its case against the defendant, provided that the defendant does not have a pending claim for affirmative relief. *Johnson v. Harless*, 651 S.W.2d 259, 260 (Tex.1983) (per curiam); *Weaver v. Jock*, 717 S.W.2d 654, 657 (Tex. App.—Waco 1986, writ ref'd n.r.e.). A "claim for affirmative relief" must be a pleading that states facts showing a cause of action independent of the plaintiff's claim. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982) (per curiam); *Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex.App.—Dallas 1990, no writ); *Weaver*, 717 S.W.2d at 657. Such a claim allows the defendant to recover benefits, compensation, or relief even though the plaintiff has abandoned his cause of action or failed to establish it. *Weaver*, 717 S.W.2d at 657. If the defendant is doing nothing more than resisting the plaintiff's recovery, the pleading cannot be construed as requesting affirmative relief. *Lipsey v. Lipsey*, 660 S.W.2d 149, 151 (Tex. App.—Waco 1983, no writ). Whether a pleading is an affirmative claim for relief is determined by the facts alleged and not by the name given the plea or by the form of the prayer for relief. *Progressive Ins. Co.*, 788 S.W.2d at 426. A claim is "pending" from the time it has been filed until it is finally and conclusively disposed of. *Tri-M Erectors, Inc. v. Clearwater Constructors, Inc.*, 788 S.W.2d 906, 908 (Tex.App.—Austin 1990, writ denied).

It is beyond dispute that the Bacas' motion for restitution was pending at the time of HBS's nonsuit. At issue is whether that motion is a claim for affirmative relief. HBS contends that the motion for restitution is not a claim for affirmative relief because it was not a proper pleading under the Rules of Procedure and it was not filed

timely in the proper proceeding. HBS argues that a claim for affirmative relief can only be made through pleadings, as distinguished from a mere motion. Under TEX. R.CIV.P. 47, pleadings that set forth a claim for relief include a petition, counterclaim, crossclaim, or third-party claim. Since the Bacas' motion for restitution is not any of the above, HBS asserts that it is not a claim for affirmative relief. HBS also argues that the Bacas' should have filed their motion for restitution in the garnishment proceeding, instead of in the underlying action. By failing to do so, the Bacas waived any attack on the garnishment judgment since it became final thirty days after it was signed. *Glenn W. Casey Constr., Inc. v. Citizen's Nat'l Bank*, 611 S.W.2d 695, 701–702 (Tex.App.—Tyler 1980, no writ); *Southern Pipeline Co., Inc. v. Humble Oil and Refining Co.*, 496 S.W.2d 248 (Tex.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.); TEX.R.CIV.P. 329b.

The Bacas' motion for restitution seeks the return of monies garnished by HBS in the absence of an underlying final judgment on the debt. While it is not one of the pleadings enumerated in TEX. R.CIV.P. 47, that fact alone is not fatal. The facts alleged in the plea, not the name of the plea, determine whether it is a claim for affirmative relief. *Progressive Ins. Co.*, 788 S.W.2d at 426. We hold that the Bacas' motion for restitution was a pending claim for affirmative relief and that the trial court had jurisdiction to hear that motion.

Further, it is a well-established and longstanding rule that the validity of judgment in a garnishment action rests upon the finality of the underlying debt judgment. *Taylor v. Trans–Continental Properties, Ltd.*, 670 S.W.2d 417, 419 (Tex. App.—Tyler 1984, *rev'd on other grounds*, 717 S.W.2d 890 (Tex.1986); *Tom Benson Chevrolet Co., Inc. v. Beall*, 567 S.W.2d 857, 859 (Tex.App.—San Antonio 1978, writ ref'd n.r.e.). If the underlying judgment has not reached that stage of the judicial process in which it is not subject to being set aside by the trial or appellate court,

then the judgment in the ancillary garnishment action cannot stand. *Taylor*, 670 S.W.2d at 419. A garnishment is not an original suit, but ancillary to the main one, and for that reason takes its jurisdiction from the main suit. *Id.* (citing *King & King v. Porter*, 113 Tex. 198, 252 S.W. 1022 (1923)). Thus, when the trial court loses jurisdiction in the main suit by reason of an appeal, it likewise loses jurisdiction in the ancillary garnishment proceeding. *Taylor*, 670 S.W.2d at 419. If the judgment in the main suit is affirmed, the trial court regains jurisdiction over the garnishment action. *Id.* If the judgment in the main suit is reversed, the garnishment proceedings become a nullity and the writs issued thereunder are *functus officio*, or of no further force or authority. *Id.* (Emphasis added).

We are aware that TEX.R.CIV.P. 162 is to be construed liberally in favor of the right to nonsuit. *Greenberg*, 640 S.W.2d at 872. We are also aware that the remedy of garnishment is summary and harsh and should not be sustained unless there is strict compliance with statutory requirements. *Fogel v. White*, 745 S.W.2d 444, 446 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding [leave denied]). Here, the Bacas posted a $20,000.00 cash deposit in lieu of a supersedeas bond when they appealed the summary judgment. Nonetheless, HBS obtained a judgment in the garnishment proceeding while that appeal was pending. It continued to hold the garnished funds after the underlying judgment was reversed. On remand, HBS abandoned its underlying cause of action for the debt without ever obtaining a judgment or otherwise having proven the Bacas' liability for the debt.

When an erroneous judgment has not been suspended pending appeal and the relief granted has already been obtained, the successful appellant may reclaim what he has been deprived of. *Salgo v. Hoffman*, 521 S.W.2d 922, 925 (Tex. App.—Dallas 1975, no writ). He must do so in the normal course of judicial process by proper pleading, citation to all interested parties, and evidence establishing the

denial of his rights. *Currie v. Drake,* 550 S.W.2d 736, 740 (Tex.App.—Dallas 1977, writ ref'd n.r.e.); *Salgo,* 521 S.W.2d at 925. The successful appellant may reclaim relief without resorting to a new suit. *Id.* It would be unreasonable to impose technical formalities on a party attempting to recover wrongfully taken property to which he is entitled, so long as basic requirements of notice and hearing are met. *Currie,* 550 S.W.2d at 740. A party may have restitution upon its own *motion* after an evidentiary hearing establishing with certainty what he has lost. *Id.* (Emphasis added). The Bacas' have complied with these requirements.

 Having determined that the trial court had jurisdiction to hear the Bacas' motion for restitution, we must now decide whether it was proper for the trial court to overrule that motion. The Bacas do not say what standard of review applies. HBS states that the standard of review is "abuse of discretion." Since that standard governs the review of virtually all pretrial rulings, we apply it here. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.1939, opinion adopted). The mere fact or circumstance that a trial judge may decide a matter within his discretionary authority in a manner different from what an appellate judge would decide if placed in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (Tex.1959). The appellate court must not substitute its judgment for the trial court, rather, it must decide whether the trial court's decision was arbitrary or unreasonable. *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex.1970).

Although it acknowledged error in rendering a judgment in the garnishment proceeding before the underlying judgment became final, the trial court denied the Bacas' motion for restitution stating that it could not correct the error since the Bacas did not appeal from the garnishment action.

The trial court's ruling relied solely on the holding in *Glenn W. Casey Constr., Inc.* There, the garnishor obtained a default judgment against the garnishee in a garnishment action before obtaining judgment in the underlying debt action. Fifty-seven days later, the garnishor obtained a judgment against the debtor in the underlying action. At the same time, the trial court set aside the earlier default judgment in the garnishment action and entered a second default judgment based on the judgment in the underlying action. 611 S.W.2d at 697.

On appeal by writ of error from the garnishment proceeding, the garnishee argued that the first default judgment be set aside because it was entered before the garnishor obtained the judgment in the underlying debt action. The garnishee also argued that the court lacked jurisdiction to set aside the first default judgment and enter a second default judgment. 611 S.W.2d at 698. The Court of Appeals held that the trial court erred in entering a default judgment in the ancillary garnishment proceeding before rendering judgment in the underlying action and before that judgment became final. 611 S.W.2d at 701. The court, concluding that the garnishment judgment was not void, also held that the trial court lacked jurisdiction to set aside the first default judgment after the expiration of 30 days absent an appeal, bill of review, or writ of error. Since the garnishee properly brought a writ of error complaining of both default judgments in the garnishment proceeding, both of those judgments were set aside. 611 S.W.2d at 702.

 When the summary judgment was reversed in the instant case, the garnishment proceeding became a nullity and the writs issued thereunder were of no further force or authority. *Taylor,* 670 S.W.2d at 420. As a result, the Bacas were not required to appeal from the garnishment action. We are aware of this Court's holding in *Southern Pipeline.* There, the garnishor obtained a default judgment against the debtor in the underlying action. Six days later, the garnishor entered into an agreed

judgment with the garnishee in the ancillary garnishment action. Shortly thereafter, the debtor filed a motion for new trial in the underlying action. The trial court entered an order granting the debtor's motion for new trial and setting aside the garnishment judgment. The garnishee then moved to vacate that part of the court's order setting aside the garnishment judgment. That motion was granted and the debtor appealed. This Court held that while the judgment in the garnishment action was erroneously rendered before the judgment in the underlying action became final, the debtor could have cured the error by a timely appeal from the garnishment judgment. 496 S.W.2d at 248–49.

On the facts of this case, it was not necessary for the Bacas to appeal from the garnishment judgment. Garnishment is but a mode of enforcing execution of the court's judgment. *Tom Benson Chevrolet,* 567 S.W.2d at 859. A judgment that is nonexistent will not support a garnishment judgment. *Id.* Here, there is no underlying judgment to support the garnishment judgment. The Bacas successfully appealed the summary judgment in the underlying debt action. On remand, the trial court did not hold proceedings or render judgment to establish the Bacas' liability, if any, for the debt. As previously noted, HBS sued under theories of sworn account and quantum meruit. The trial court on remand granted partial summary judgment in favor of Pamela Baca, finding that she was not liable for the debt under a theory of sworn account. The trial court did not determine her liability under a theory of quantum meruit, nor did it determine Joseph Baca's liability for the debt under either a sworn account or a quantum meruit theory. Yet, HBS still held in its possession more than $32,000.00 of the Bacas' funds as a result of garnishment.

The Bacas were a party to the underlying debt action, not the garnishment action. Certainly, the Bacas were not required to appeal from a judgment rendered in a proceeding in which they were not a party. *The validity of a garnishment judgment is solely dependent on the validity of the underlying debt claim and not vice-versa.* If

the Bacas had intervened and appealed only from the garnishment judgment, HBS would no doubt be arguing that the Bacas waived error by failing to appeal from the underlying debt judgment. At the very least, the Bacas were entitled to a determination of their liability for the debt. They were deprived of that opportunity when HBS abandoned its cause of action. Likewise, HBS was not entitled to garnish monies allegedly owed them by the Bacas without ever having proven that the Bacas, in fact, incurred the debt. Such would be the case if we were to allow the trial court's ruling to stand.

Hence, we hold that the trial court abused its discretion in overruling the Bacas motion for restitution and we sustain the Bacas' first point of error. In light of our disposition of the Bacas' first point of error, we need not address their remaining points of error. Because HBS abandoned its cause of action for the debt, the Bacas' motion for restitution is the only claim pending before the trial court, and they are entitled to recover the funds as a matter of law. Accordingly, we reverse the judgment of the trial court and render judgment that the Bacas recover $32,332.22 from HBS and $250.00 from Texas–Commerce. We further remand to the trial court to determine the amount of interest that the Bacas are entitled to recover.