Clinton E. OWENS and Mary
Ann Owens, Appellants,

v.

George R. NEELY, Appellee.

Nos. C14–92–01305–CV, C14–92–01308–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1993.

Rehearing Denied Dec. 16, 1993.

Ellen M. Gerson, Houston, for appellants.

George Neely, Houston, for appellee.

Before MURPHY and ROBERTSON, JJ., and ROBERT E. MORSE, Jr., J., Sitting by Designation.

## OPINION

ROBERTSON, Justice.

These are consolidated appeals from a default judgment entered against appellants, Clinton E. Owens and Mary Ann Owens ("the Owens"), in favor of appellee, George R. Neely ("Neely"), under our cause number C14–92–01305–CV, and from an order disbursing garnished funds under our cause number C14–92–01308–CV. Neely filed suit to collect fees he claimed were owed to him in connection with legal services he performed for Clinton Owens. Neely also applied for and obtained a pre-judgment writ of garnishment. Based on the default judgment in the main action, the trial court signed an order in the garnishment action disbursing the garnished funds. The trial court overruled appellants' motions for new trial and appellants now appeal both the denial of the new trial in the main action and the order disbursing funds. We reverse and remand.

On May 6, 1992, Neely filed suit in the 152nd District Court in Harris County under cause number 92–20257 to collect attorney's fees he claimed were owed from his defense of Clinton Owens in two suits, one brought by the Resolution Trust Corporation (RTC) and the other by the Federal Deposit Insurance Corporation (FDIC). Neely's suit

asked for judgment in the amount of $21,562.24, plus attorney's fees and interest. At the same time, he filed a pre-judgment application for writ of garnishment under cause number 92–20257–A. On May 12, 1992, funds in the amount of $25,000 were garnished from a bank account at NationsBank of Texas, N.A. in the name of Mary Ann Owens, and deposited in the registry of the court.

Mary Ann Owens, through her counsel, Ellen M. Gerson, filed a motion to dissolve the writ of garnishment on July 9, 1992. Neely responded to the motion on July 21, 1992, and in the same document asked for sanctions and moved for summary judgment in both suits. He served this document on Ms. Gerson. An oral hearing on the motion to dissolve the writ of garnishment was scheduled for July 22, 1992, but was passed. Clinton and Mary Ann Owens were served with process in the main suit in California on July 26 and July 27, 1992, respectively. On July 30, 1992, the Owens each filed an answer, but the answers were filed under cause number 92–20257–A, the garnishment action.

On August 14, 1992, Neely filed a motion for default judgment in the main action. He did not serve or otherwise notify Ellen Gerson. On August 18, 1992, the court entered a default judgment against the Owens and on the same day signed an order in the garnishment action disbursing the garnished sums. Neely then withdrew $24,000 from the registry of the court and the remaining $1000 was paid to the garnishee, NationsBank. Neely mailed service of the motion to the Owens after the default judgment was entered at their former address in Houston, even though they had been served with process in California. The Owens then filed answers under the correct cause number for the main suit and filed motions for new trial to set aside the default judgment and the order disbursing the garnished funds. A hearing on the motions was held on October 19, 1992. At the conclusion of the hearing, the trial court denied the motions.

In their first point of error, the Owens allege that the trial court abused its discretion in denying their motions for new trial. We agree.

The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court and will be reviewed on appeal only for abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). In an appeal attacking a default judgment, a court of appeals does not indulge the usual presumptions of validity in support of a judgment. *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex.App.—Houston [14th Dist.] 1991, no writ).

Our supreme court set forth the guidelines for reviewing motions for new trial to set aside a default judgment in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). A trial court should set aside a default judgment and order a new trial in any case where the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference, but was due to a mistake or accident. The motion for new trial must set up a meritorious defense and must be filed at a time when the granting of the motion will occasion no delay or otherwise work an injury to the plaintiff. *Id.* Where the guidelines of *Craddock* have been met, it is an abuse of discretion to deny a new trial. *Blake v. Blake*, 725 S.W.2d 797, 800 (Tex.App.—Houston [1st Dist.] 1987, no writ).

After applying the *Craddock* test, we find that the Owens have satisfied all three prongs. First, the Owens' motions for new trial sufficiently negated intentional failure to file an answer or conscious indifference. The Owens filed an answer three days after being served; however, the answer was mistakenly filed in the garnishment action rather than the main action. The Owens' contend that the failure to file was a clerical error and that an "A" was accidentally typed after the cause number in the style of the case on Owens' answers. There is absolutely no evidence that the Owens acted purposely or in bad faith in failing to answer the main action. In our opinion, this is a clear case of failing to file an answer by accident or mistake. The first prong of *Craddock* was satisfied.

Next, we find that the Owens' motions for new trial set up a meritorious de-

fense to the lawsuits. A meritorious defense is one that, if found, would cause a different result upon a retrial of the case, although it need not be a totally opposite result. *Folsom Inv., Inc. v. Troutz,* 632 S.W.2d 872, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). A new trial should not be denied on any consideration of counter-affidavits or contradictory testimony. *Guaranty Bank v. Thompson,* 632 S.W.2d 338, 340 (Tex.1982).

■ The Owens' motions for new trial deny that the amount claimed by Neely is just and true. Their motions are supported by copies of their verified answers filed in the garnishment action, and an affidavit from their attorney, Ms. Gerson. Contrary to Neely's argument, it is proper to support a motion for new trial with an attorney's affidavit. *See* TEX.R.CIV.P. 14; *see also, e.g., Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 392–93 (Tex.1993). The Owens' verified answers denying that the debt is just and true are sufficient to deny a sworn account. Under the current Rules 93(10) and 185 of the Texas Rules of Civil Procedure, "words of art" are no longer required to deny a sworn account. *Huddleston v. Case Power & Equip. Co.,* 748 S.W.2d 102, 103 (Tex.App.—Dallas 1988, no writ). Mary Ann Owens' answer also alleged a defect of parties because she is not a proper defendant. She denied that she had contracted to have Neely represent her and asserted that she was not responsible for any debt her husband might owe Neely. She further asserted that if she were to be held responsible for the debt of another, the statute of frauds required a written agreement, and none existed. We find that these factual allegations are sufficient to set up a meritorious defense. To the extent that the trial court relied upon the contentions in Neely's response to the motions for new trial to defeat the meritorious defense, it was error. *See Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966); *see also Estate of Pollack v. McMurrey,* 858 S.W.2d at 392.

Finally, we find that the Owens' motions for new trial were filed at a time when their granting would not have occasioned delay or otherwise worked an injury to Neely. The default judgment was entered on August 18, 1992. The motion for new trial in the main action was filed on September 2, 1992, and the motion for new trial in the garnishment action was filed on September 10, 1992. These motions were timely. TEX.R.CIV.P. 329b. In our opinion, granting a new trial would not have caused undue delay or injury to Neely.

■ Neely complains that the Owens did not state in their motions that they were ready to go to trial and that they would reimburse Neely for the expenses he incurred in obtaining the default judgment. A defendant's failure to offer reimbursement does not automatically preclude setting aside the default judgment. *Boulware v. Security State Bank, Navasota,* 598 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The offer of reimbursement of costs and for immediate trial are only factors to be considered in making a case by case review. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). The Owens offered both in their brief and at oral argument to reimburse Neely for his reasonable costs.

■ Once the Owens alleged there would be no delay or injury, the burden of proving an injury shifted to Neely. *See id.* He failed to meet this burden. His only claim of injury is that he has spent the money he withdrew from the registry of the court and cannot pay it back. Neely removed the garnished funds from the registry of the court on the same day that the judgment was signed in the main action; thus he wrongfully withdrew the funds before judgment was final. *See Baca v. Hoover, Bax & Shearer,* 823 S.W.2d 734, 738 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Any injury that may be suffered by Neely by setting aside the default judgment is self-imposed and cannot be used to defeat the Owens' motion for new trial. *See Guaranty County Mut. Ins. Co. v. Reyna,* 709 S.W.2d 647, 648 (Tex.1986). Because Neely's only injury is self-imposed, we find that the third prong of the *Craddock* test has been satisfied. The trial court abused its discretion in denying the Owens' motions for new trial. We sustain the first point of error.

■ Furthermore, equity favors setting aside the default judgment due to Nee-

ly's outrageous conduct. Because equitable principles govern granting a new trial, a trial court has some discretion in setting aside a default judgment during the period of plenary power over its judgments. *See Craddock,* 133 S.W.2d at 126; *Burroughs v. Leslie,* 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Granting a new trial in the interest of "justice and fairness" is not an abuse of discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex. 1985). We find Neely's actions reprehensible, and while not a basis for reversible error, deserving of comment.

■ First, Neely filed his motion for default judgment on August 14, 1992, before the Owens' answers were even due. The Owens' answers were not due until 10:00 A.M. on Monday, August 17, 1992. His motion falsely alleged: "The Owens Defendants have not filed any answer to Plaintiff's Original Petition and, therefore, *are* in default...." (emphasis added). In addition, the returns of the citations for service on the Owens were filed on August 7, 1992. The rules require that the return be on file ten days, exclusive of the day of filing or the day of judgment, before a default judgment may be entered. TEX.R.CIV.P. 239, 107. Neely *obtained his default judgment on the earliest possible date, August 18.* His certificate of service on his motion states that the document was being mailed to the Owens at their former address in Houston on August 18, 1992, the same day the default judgment was signed. Thus, even had they still resided at the Houston address and received the motion, there was no opportunity for the Owens to respond or correct the error in the filing of their answers.[1]

■ To further compound his unprofessional actions, Neely knew that the Owens were represented by counsel and failed to notify their counsel of the hearing on his motion for default judgment.[2] Neely was aware that the Owens had filed answers in the garnishment action; the Owens attached to their motions for new trial a copy of the certified mail receipt showing that Neely received copies of the answers on July 31, 1992. Neely's motion for summary judgment had been served on Ellen Gerson. In addition, while Ellen Gerson was on vacation, a partner in her firm, Steven D. Grossman, sent two letters to Neely via fax on August 11, 1992, conveying a settlement offer. Thus, equitable principles could have allowed the trial court to grant a new trial based upon Neely's actions.

■ In their second point of error, the Owens contend that the trial court erred in considering Neely's response to the motions for new trial because it was filed at the beginning of the hearing. Appellants contend that this violated Rule 21, because the rule requires service at least three days before the hearing. TEX.R.CIV.P. 21. However, Rule 21 specifically excepts pleadings and motions "presented during a hearing or trial." We overrule appellants' second point of error.

■ The Owens contend in their third point of error that the trial court erred in rendering judgment in the garnishment action before the underlying judgment became final. The trial court signed the garnishment order the same day as the underlying order. Clearly, the underlying order was not final. Accordingly, the trial court erred in signing the order in the garnishment action disburs-

1. We recognize that after a citation and petition are served on a defendant, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. The rules do not require separate notice of the default judgment hearing. *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ). However, we do not excuse Neely's actions in misleading the court by attaching a certificate of service showing notice to an address he knew was no longer correct.

2. In our opinion, Neely has behaved unethically in this proceeding. He deliberately sought a default judgment against parties he knew were represented by an attorney and who had filed an answer under the wrong cause number by mistake. He violated the *Texas Lawyers Creed—A Mandate for Professionalism,* which was adopted by our supreme court on November 7, 1989. Specifically, the creed provides that a lawyer will "not take advantage, by causing any default or dismissal to be rendered, when [he or she knows] the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed." (par. III, no. 11).

ing the garnished funds. *See Baca,* 823 S.W.2d at 739. We sustain appellants' third point of error.

A successful appellant may reclaim what he has been deprived of through the normal course of judicial process by proper pleading, notice, and evidence establishing the denial of his rights. *Salgo v. Hoffman,* 521 S.W.2d 922, 925 (Tex.App.—Dallas 1975, no writ). He need not resort to a new suit. *Currie v. Drake,* 550 S.W.2d 736, 740 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The trial court should, upon a motion and hearing for restitution, order the return to the registry of the court of the monies withdrawn by Neely, as well as the funds paid to the garnishee, NationsBank. *See Baca,* 823 S.W.2d at 736.

We reverse the judgments of the trial court and remand these causes for proceedings consistent with this opinion.