William A. BALDWIN, Appellant,

v.

Jessie Lee KLANKE, Individually and as Independent Executrix of the Estate of Charles W. Klanke, Deceased, and the Estate of Charles W. Klanke, Deceased, Appellees.

No. 01–93–00180–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 9, 1994.

Joe Alfred Izen, Jr., Bellaire, for appellant.

John H. Trueheart, Jr., Houston, for appellees.

Before WILSON, O'CONNOR and PRICE,[1] JJ.

**OPINION**

O'CONNOR, Justice.

The issue in this case is whether the plaintiff has a right to file a non-suit before announcing that he has rested. We hold he does, and reverse.

The plaintiff, William A. Baldwin, filed a suit to contest the will of Charles W. Klanke, his uncle. The attorney for the plaintiff presented evidence from two witnesses and then announced he wanted to file a non-suit. Instead of permitting the filing of the non-suit, the trial court granted a directed verdict made by the widow and independent executrix of Klanke's estate. Later, in another hearing, the trial court assessed sanctions of $2,500 against the plaintiff under TEX. R.CIV.P. 13, for filing a frivolous lawsuit.[2]

The case involving the non-suit went to trial on October 21, 1992. After the jury was chosen and after some pretrial proceedings outside the jury's presence, the plaintiff's attorney called the plaintiff to testify, and then called Blake Hawk, the attorney who drafted Charles Klanke's will and notarized the self-proving affidavit to the will. After the plaintiff had been recalled by his attorney and examined by him, the following exchange occurred outside the presence of the jury:

The Court: Are you going to rest, Counsel?

Plaintiff: No, not yet. We are filing our non-suit right now.

The Court: Are you going to call any more witnesses in the case?

Plaintiff: Well, we can call Jessie. I guess we will call more witnesses. Yes. We want to file the non-suit.

Defendant: She's not in the courtroom. I thought he rested twice, Your Honor.[3]

Plaintiff: One way or another, the thing is over. We are filing a non-suit.

Defendant: I have a Motion for Instructed Verdict I would like to present to the Court. . . .

The Court: Wait. Do you have any more witnesses you want to call? Is she here? Is she under subpoena?

Defendant: She's not under subpoena. I was going to call her under my case, if necessary. He can call her but she's not here.

The Court: You are going to have to make up your mind.

Plaintiff: We have made up our mind. We want not to go forward. We want to file this non-suit under Rule 162.

The Court: Well, *I am not going to authorize you to do that. I'm just not going to accept it.* You can appeal or do whatever you want to on that, but I am not going to let you stop in a middle of a trial when we are here, with another diversionary tactic. If you have witnesses to call, call them. If you don't, then you rest. *If you want to take a non-suit, that's fine,* but it will be with prejudice against your case, and I will hear a directed verdict motion. If you have another witness to call, call them. Don't put in there that you're non-suiting before you finish your case, because we are all here. I don't know of any witnesses you have subpoenaed or any problem you have with the case.

Plaintiff: Well, we have made our Motion for Non-suit. The motion has been denied, so now we go forward with Motion for Instructed Verdict, I suppose.

(Emphasis added.) The court then ruled as follows:

Well, I am going to find on the record that at the conclusion of the contestant's case and with the exception of calling rebuttal witnesses that might have been offered, that the case in chief has been presented,

---

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. On appeal, the defendants concede the trial court did not make findings as required by TEX.

R.CIV.P. 13, and concede the judgment relating to sanctions must be reversed.

3. Nothing in the record supports the defendants' statement that the plaintiff had already rested.

and that the non-suit has been filed. It's too late, I think, after you've put on your case, to file for non-suit.

I am going to grant the instructed verdict and I find the contest to be denied and find all costs are against the contestant.

The plaintiff filed a handwritten motion for non-suit at 4:22 p.m. on October 21, 1992, the day of trial.

Rule 162 of the Texas Rules of Civil Procedure provides in part:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.

█ The granting of a non-suit is merely ministerial; a plaintiff's right to a non-suit of its own action exists at the moment a motion is filed or an oral motion is made in open court. *Shadowbrook Apartments v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex.1990); *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982). A plaintiff may take a non-suit any time during the trial until it introduces all of its evidence, other than rebuttal evidence. *O'Brien v. Stanzel,* 603 S.W.2d 826, 828 (Tex.1980); TEX.R.CIV.P. 162. A plaintiff's right to take a non-suit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990); *Strawder v. Thomas,* 846 S.W.2d 51, 59 (Tex.App.—Corpus Christi 1992, no writ); *Baca v. Hoover, Bax & Shearer,* 823 S.W.2d 734, 737 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

█ The first question is whether the trial court had the authority to refuse the plaintiff's request for a non-suit. The answer is no. Once the plaintiff announced he wanted to file a non-suit, the trial court could not refuse to accept it for filing. We consider the motion for non-suit filed when the plaintiff tendered it to the trial court, even though the trial court refused to accept it. *See Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) (when the clerk erroneously re-

fused to accept a motion for filing that was tendered without the fee, the document was considered filed on the date it was presented); *see also Strawder,* 846 S.W.2d at 58–59 (notice of non-suit filed by facsimile machine was deemed filed even though clerk of court did not have authority to receive documents for filing by facsimile machine). When a court refuses to accept a document tendered for filing, the document will be considered filed when it was presented for filing. *Jamar,* 868 S.W.2d at 319. Thus, the motion for non-suit was filed before the trial court granted the motion for directed verdict.

█ The second question is whether the plaintiff presented the motion for non-suit before it rested. In the dialogue reproduced above, the trial court put the direct question to the plaintiff—are you going to rest? The plaintiff replied no. When the trial court rephrased it—are you going to call any more witness—the plaintiff stated he would, but that he wanted a non-suit. We hold the plaintiff presented his non-suit before he rested his case.[4]

We sustain the plaintiff's first point of error, reverse the judgment of November 5, 1992, remand the cause to the trial court, and instruct the trial court to enter an order granting the plaintiff's motion for non-suit and dismissing his claims without prejudice. We sustain the plaintiff's second point of error, as agreed by the defendants, reverse the judgment of November 11, 1992, awarding sanctions against the plaintiff, and render judgment that the defendants recover no sanctions from the plaintiff.

WILSON, Justice, dissenting.

The majority states that the issue in the case is whether the plaintiff has a right to file a non-suit before announcing that he has rested. The announcement of "plaintiff rests" is not a criterion contained in the language of the rule. I dissent because the issue presented is whether this plaintiff sought a non-suit before he had introduced all of his evidence. *See* TEX.R.CIV.P. 162.

---

4. In fact, the court seemed to grant the non-suit when he said: *"If you want to take a non-suit, that's fine,* but it will be with prejudice against your case, and I will hear a directed verdict motion."* (Emphasis added.)

The difference could be termed "hair-splitting," but in this case, the difference is not only real, but determinative.

The trial judge is obligated to accept a motion for non-suit at any time before the plaintiff introduces all of his evidence. TEX. R.CIV.P. 162. Did the plaintiff in this case conclude his evidence and therefore lose his right to file a non-suit? At best, the answer is ambiguous.

First, before the trial started and outside the jury's presence, there was confusion about which of three attorneys represented the plaintiff. Initially, the plaintiff had retained Attorney A. Then the plaintiff arranged to have Attorney B represent him. Attorney B was not present at trial and asked Attorney C to stand in for him. However, Attorney B had failed to file an appearance with the court. In response to the court's question about who was going to be the lawyer for the plaintiff, the plaintiff responded that he expected Attorney B to be representing him, but if that were not the case, then Attorney A. After an unrecorded conference, the plaintiff announced that Attorney A would represent him with Attorney C as co-counsel.

After the plaintiff had been recalled by Attorney A and examined by Attorney A, the following transpired:

Attorney A: Pass the witness.

Defendant's attorney: I don't have any questions.

The court: You can step down.

Attorney A: That includes our pre—[1]

Attorney C: No.

Faced with conflicting responses from the two co-counsel, the trial court reasonably inquired: "Are you going to rest, Counsel?" The court received the following answer from Attorney A: "No, not yet. We are filing our nonsuit right now." Attorney A did not in fact ask for a non-suit or file a non-suit at that time. Therefore, the trial court reasonably inquired: "Are you going to call any more witnesses in the case." Attorney A

replied "yes" to the question, stating he wished to call Jessie,[2] but added, "We want to file the nonsuit." The trial judge determined that the plaintiff had completed his evidence, and I believe the lack of clarity in the record about the plaintiff's present intentions justifies the trial judge's conclusion.

The majority seems to say that mentioning the words "non-suit" in virtually any fashion is sufficient to substitute for a written motion filed timely (or at least tendered timely), or a clear oral motion of a present intent to take a non-suit. In the suit before us, no written motion was filed or tendered for filing in a timely fashion. The oral statements made by plaintiff's counsel consist of what he wanted to do rather than a clear indication of what he was in fact doing.

A statement to the court such as, "Your Honor, before the conclusion of presenting his evidence, the plaintiff takes a non-suit under rule 162," would be a simple, clear and direct way of orally asserting the plaintiff's rights under rule 162. Although the standards for obtaining a non-suit are certainly minimal, as the cases cited by the majority indicate, this trial judge, or any other, should not be put in the position of guessing whether the plaintiff has concluded his evidence.

Because I believe the plaintiff below did not minimally establish his entitlement to a non-suit, I would affirm the trial court's judgment. I join the majority's disposition of the remaining point of error.

---

1. It can be reasonably inferred that Attorney A was saying he concluded his presentation.

2. The defendant, Jessie Klanke, was not in the courtroom, and the plaintiff had not subpoenaed her.