11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Eagle
Properties, Ltd., General Partner, M.W. (Buddy) Branum

Appellant

Vs.                   No. 11-04-00196-CV -- Appeal
from Midland County 

Texas
Commerce Bank National Association, a National Banking Association

Appellee

 

Eagle Properties, Ltd. (Eagle) appeals the trial
court=s denial
of its motion for default judgment and the granting of summary judgment in
favor of Texas Commerce Bank National Association, a National Banking
Association (TCB). We affirm. 
Furthermore, we find Eagle=s
appeal to be frivolous and grant TCB=s
motion for sanctions.

In 1999, Eagle sued TCB, alleging fraud.  In a jury trial, the jury found for TCB.  Eagle appealed the judgment but then
voluntarily dismissed its own appeal.  On
June 15, 2000, Eagle filed a petition for bill of review, alleging jury
misconduct.  The district court granted
summary judgment on this claim in favor of TCB. 

On June 21, 2002, Eagle filed a second petition
for bill of review, this time reasserting the fraud claims previously litigated
during the 1999 trial.  On July 26, 2002,
TCB filed an answer to this petition. 
However, the answer mistakenly included the cause number of Eagle=s first petition for bill of review.  On August 12, 2002, Eagle responded to this
clerical error by filing a motion for default judgment, alleging that TCB
failed to file an answer to its second petition for bill of review.  The district court denied Eagle=s motion on September 9, 2002.

On September 12, 2002, Eagle appealed the district
court=s order
denying its motion for default judgment. 
TCB responded by filing a motion to dismiss the appeal for lack of
jurisdiction.  Agreeing with TCB that the
district court=s order
was interlocutory and not subject to appeal, the El Paso Court of Appeals
dismissed Eagle=s appeal
on October 24, 2002.  Eagle responded by
appealing to the Texas Supreme Court. 
The court denied Eagle=s
petition for review on February 13, 2003.








On September 30, 2003, Eagle filed a motion to set
aside the district court=s
previous order denying Eagle=s
motion for default judgment.  On July 16,
2004, the district court denied this motion. 
At the same time, the district court granted TCB=s
motion for summary judgment on Eagle=s
second petition for bill of review.  This
appeal followed.

In its first issue on appeal, Eagle asserts that
the trial court erred when it failed to grant Eagle a default judgment.  In its second issue on appeal, Eagle asserts
that the trial court erred when it permitted TCB to file an answer to Eagle=s second petition for bill of review
that mistakenly included the cause number from Eagle=s
first petition for bill of review.  The
two issues are related, and we will address them together.

We review the district court=s ruling on a motion for default
judgment for abuse of discretion.  See
Cottonwood Valley Home Owners Association v. Hudson, 75 S.W.3d 601, 603
(Tex.App. B Eastland
2002, no pet=n).  The district court may render a default
judgment on the pleadings against a defendant who has not filed an answer.  See TEX.R.CIV.P. 329.    However, a no-answer default judgment may
not be rendered after the defendant has filed an answer.  Davis v. Jefferies, 764 S.W.2d 559,
560 (Tex.1989).  In this case, Eagle
sought its default judgment after TCB had filed an answer.  This was an inappropriate course of action.[1]  When an answer is defective, the appropriate
remedy is to file special exceptions.  See
Horizon/CMS Healthcare Corporation v. Auld, 34 S.W.3d 887, 897
(Tex.2000).  








Eagle asserts, however, that TCB filed Athe wrong answer in the wrong lawsuit.@ 
We disagree.  The record indicates
that TCB filed its answer to Eagle=s
second petition for bill of review with the district court on July 26,
2002.  Even though the cause number at
the top of TCB=s answer
incorrectly read ACV-43,034@ instead of ACV-43,799,@ the title clearly identifies the
document as ADefendant=s Original Answer to Plaintiff=s Second Original Petition for Bill of
Review.@  Eagle should have known that the incorrect
cause number was simply a clerical error. 
If Eagle was truly concerned about this defect, it should have filed a
special exception.  The trial court did
not abuse its discretion in denying Eagle=s
motion for default judgment.   We
overrule Eagle=s first
and second issues on appeal.

In its third issue on appeal, Eagle asserts that
the trial court=s denial
of Eagle=s motion
for default judgment deprived it of procedural due process.  Eagle devotes a total of two brief paragraphs
to this issue and, apart from the relevant constitutional provisions, fails to
provide this court with any authority to support its position.  This issue is inadequately briefed, and we
will not address it.  See TEX.R.APP.P.
38.1(h).

In its fourth issue on appeal, Eagle asserts that
the trial court erred in granting summary judgment in favor of TCB.  Eagle devotes one paragraph to this issue and
again fails to provide this court with any authority to support its
position.  This issue is inadequately
briefed, and we will not address it.  See
Rule 38.1(h).

Finally, we address TCB=s
motion for sanctions.  An appellate court
is permitted, on motion of any party or on its own initiative, to award the
prevailing party just damages if the court determines that an appeal is
frivolous.  See TEX.R.APP.P.
45.  In determining whether to award
damages, we will not consider any matter that does not appear in the record,
briefs, or other papers filed in this court. 
See Rule 45.   

The decision to award sanctions is a matter within
our discretion, which we exercise with prudence and caution after careful
deliberation.  Bridges v. Robinson,
20 S.W.3d 104, 115 (Tex.App.  - Houston
[14th Dist.] 2000, no pet=n).  The right to appeal is a most sacred and
valuable one.  See Bradt v. West,
892 S.W.2d 56, 78 (Tex.App. - Houston [1st Dist.] 1994, writ den=d). 
The appeals process must be treated with the utmost respect:

We will not permit spurious appeals, which
unnecessarily burden parties and our already crowded docket, to go
unpunished.  Such appeals take the court=s attention from appeals filed in good
faith, wasting court time that could and should be devoted to those
appeals.  No litigant has the right to
put a party to needless burden and expense or to waste a court=s time that would otherwise be spent on
the sacred task of adjudicating the valid disputes of Texas citizens.  (Citations omitted)

 

Bradt v. West, supra at 79.           








To determine objectively whether an appeal is frivolous,
we look at the record from the viewpoint of the advocate and decide whether he
had reasonable grounds to believe the case could be reversed.  Smith v. Brown, 51 S.W.3d 376, 381
(Tex.App. - Houston [1st Dist.] 2001, pet=n
den=d).

After reviewing each of the cases Eagle cites in
its brief, we find that none of the cases support the argument that, when a
defendant mistakenly files an answer under the wrong cause number, the plaintiff
is entitled to a default judgment.  In
fact, this argument is contrary to the great weight of authority that holds
that courts should go to great lengths to avoid default judgments against
parties that have filed answers, even if they are defective.  See, e.g., Smith v. Lippmann,
826 S.W.2d 137, 138 (Tex.1992); KSNG Architects, Inc. v. Beasley, 109
S.W.3d 894, 898 (Tex.App. - Dallas 2003, no pet=n);
Computize, Inc. v. NHS Communications Group, Inc., 992 S.W.2d 608, 612
(Tex.App. - Texarkana 1999, no pet=n);
Hock v. Salaices, 982 S.W.2d 591, 593 (Tex.App. - San Antonio 1998, no
pet=n); Home Savings of America FSB v.
Harris County Water Control and Improvement District # 70, 928 S.W.2d 217,
218 (Tex.App. - Houston [14th Dist.] 1996, no writ); R.T.A. International,
Inc. v. Cano, 915 S.W.2d 149, 151 (Tex.App. - Corpus Christi 1996, writ den=d).    

Because there is no authority for its argument and
because there is substantial authority against its argument, we conclude that
Eagle had no reasonable grounds to believe this case could be reversed.  Eagle=s
appeal, therefore, is frivolous; and TCB=s
motion for sanctions is granted.  

In an affidavit filed with the district court,
Janet E. Militello (lead counsel for TCB) stated that, since receiving Eagle=s notice of appeal, the total cost
incurred by TCB, including attorney=s
fees and expenses, was no less than $3,000. 
Therefore, we award damages to TCB against Eagle in the amount of
$3,000.  See TEX.R.APP.P. 45.

The judgment of the district court is
affirmed.          

 

JIM R. WRIGHT

JUSTICE

August 31, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of: Wright, J., and McCall, J.[2]











[1]We note that in a similar case an appellate court held
that it was unethical for an attorney to deliberately seek a default judgment
against a party who had filed an answer under the wrong cause number by
mistake.  See Owens v. Neely, 866
S.W.2d 716, 720 n.2 (Tex.App. - Houston [14th Dist.] 1993, writ den=d).    





[2]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.