

# NUMBER 13-22-00203-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERTO ESCAMILLA,                                                             Appellant,

v.

RICARDO CADENA,                                                               Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant Roberto Escamilla appeals the trial court's granting of a judgment in garnishment based on a subsisting judgment in favor of appellee Ricardo Cadena. We vacate and dismiss.

## I.    BACKGROUND

On February 7, 2022, Cadena filed an application for writ of garnishment as an original action in the 93rd District Court in Hidalgo County, Texas. The application sought a writ against TRIBUILDING, LLC, noting Escamilla as the judgment debtor. According to the application, the same court granted summary judgment against Escamilla in the amount of $315,471, excluding interest and attorney's fees, in favor of Cadena for breach of contract in a separate suit.[1] Cadena sought a writ of garnishment against one-third of TRIBUILDING's assets, claiming that Escamilla owns one-third of the membership in TRIBUILDING. Among the assets, Cadena sought garnishment over funds held in various bank accounts, accounts receivables, and real property. Escamilla filed a petition in intervention, arguing that garnishment of TRIBUILDING's assets would be improper because he did not own interest in TRIBUILDING's assets by virtue of being a member of TRIBUILDING. On April 1, 2022, the trial court entered a judgment in garnishment for portions of TRIBUILDING's assets in favor of Cadena.[2] Escamilla appealed the judgment in garnishment.

## II.    WRIT OF GARNISHMENT

### A.    Applicable Law

"Garnishment is a statutory proceeding whereby the property, money, or credits of

---

[1] Escamilla successfully appealed the subsisting summary judgment to this Court, which we reversed and remanded. *See Escamilla v. Cadena*, No. 13-22-00041-CV, 2023 WL 3015390, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 20, 2023, no pet.) (mem. op.). We take judicial notice of the records in the appeal from the underlying summary judgment.

[2] Two copies of the judgment in garnishment appear in the clerk's record, both signed by the trial court. One signature is dated April 1, 2022, and the other is dated April 8, 2022.

a debtor in the possession of another are applied to the payment of the debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001–.008; TEX. R. CIV. P. 658. In this situation, a writ of garnishment is available if the plaintiff "has a valid, subsisting judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3). It follows, then, that the validity of a judgment in garnishment rests upon the validity of the underlying judgment debt. *Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 738 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also Cosentino v. Peters*, No. 13-10-00445-CV, 2012 WL 2469858, at *5 (Tex. App.— Corpus Christi–Edinburg June 28, 2012, pet. denied) (mem. op.) ("[A] garnishment is void when the underlying judgment is void."). Moreover, if the underlying judgment is reversed on appeal, the garnishment proceedings become null, and any writs issued have no force or authority. *Baca*, 823 S.W.2d at 738; *see also Cosentino*, 2012 WL 2469858, at *5.

**B.     Analysis**

The underlying judgment in this proceeding—the summary judgment granted on October 26, 2021—was reversed by this Court on April 20, 2023. *See Escamilla v. Cadena*, No. 13-22-00041-CV, 2023 WL 3015390, at *1 (Tex. App.—Corpus Christi– Edinburg Apr. 20, 2023, no pet. h.) (mem. op.). The deadlines for Cadena to file a motion for rehearing or a petition for review have passed and Cadena did not file either. *See* TEX. R. APP. P. 49.1 (permitting a motion for rehearing within fifteen days of the judgment or order); *id.* 49.9 (permitting a fifteen-day extension on time to file a motion for rehearing); *id.* 53.7(a), (f) (permitting a petition for review within forty-five days of the judgment and a fifteen-day extension for time to file petition for review). Thus, Cadena no longer has a

3

valid, subsisting judgment to support a writ of garnishment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3); *Baca*, 823 S.W.2d at 738. As such, the judgment in garnishment is now void. *See Baca*, 823 S.W.2d at 738; *see also Cosentino*, 2012 WL 2469858, at *5. "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). Accordingly, we declare the judgment void. *Id.*

## III.    CONCLUSION

Without reaching the merits of appellant's issues, we vacate the judgment and dismiss the appeal.

CLARISSA SILVA
Justice

Delivered and filed on the
6th day of July, 2023.